1  BILL LOCKYER
   Attorney General of the State of California
2  JACOB A. APPELSMITH
   Senior Assistant Attorney General
3  BARBARA J. SEIDMAN
   Supervising Deputy Attorney General
4  SCOTT H. WYCKOFF, State Bar No. 191367
   Deputy Attorney General
5   1300 I Street, Suite 125
    P.O. Box 944255
6   Sacramento, CA 94244-2550
    Telephone: (916) 324-5335
7   Fax: (916) 324-5567

8  Attorneys for Defendants California Department of
   Developmental Services, Clifford Allenby, Deborah
9  Meeker, Teresa Billeci, Glen Barawed, Dan Sands,
   and Tony Campo

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **KARUNA ANAND, M.D.,** | CASE NO. CIV.S-04-1575 LKK GGH - PS |
| Plaintiff, | |
| v. | **JOINT STIPULATION AND ORDER** |
| **CLIFFORD ALLENBY, ET AL.,** | |
| Defendants. | Judge: The Honorable Lawrence K. Karlton |

## PRELIMINARY STATEMENT

A.   Under Rule 26 of the Federal Rules of Civil Procedure (rule 26), the parties are required to disclose, among other things, all documents in the parties possession, custody or control, that the disclosing party may use to support its claims or defenses, unless solely for impeachment.

B.   Some of the documents the defendants intend to rely upon are protected under the right of privacy for third parties and the confidential client information and records protections

Joint Stipulation and Order

1

afforded developmentally disabled individuals under Welfare & Institutions Code sections 4514 and 5328 as well as the privacy protections to identifiable health care information pursuant to the Health Insurance Portability and Accountability Act of 1996 (HIPAA).

 C. The parties enter into this Joint Stipulation for Protective Order (Joint Stipulation) in order to protect the above privacy and confidentiality interests, to avoid unnecessary discovery law and motion proceedings, and to produce materials as required by rule 26 while protecting confidential and private information.

**STIPULATION**

 1. Before producing documents under rule 26, the defendants shall redact from such documents all client names and all client identifying information. In addition, the following documents which defendant is producing pursuant to rule 26 are covered by this Joint Stipulation:

  a. Sierra Vista Consultation - Evaluation of Professional Practices in Providing Behavioral Interventions, July 7, 2003, by John L. Forbes, Ph.D (Bates stamped DDS 315-335).

  b. The Columbus Organization, Sierra Vista, Best Practices Guidelines, June 29-30, 2003, by Robert J. Pary, M.D (DDS 343-347).

  c. Replies to questions from Sierra Vista (DDS 366-380).

  d. Sierra Vista Consultation September 19, 2003 (DDS 406-26).

  e. Welfare and Institutions Code section 4731 Complaint (DDS 444-450).

  f. Email re Katie W. (DDS 499).

  g. Letter to Norman Kramer re client treatment (DDS 510-524).

  h. Emails referring to clients' treatment (DDS 844-860).

  i. Email re client treatment (DDS 893).

 2. The parties agree that the documents covered under this Joint Stipulation, including the information contained therein, and any summaries, copies or other documents derived in whole in or in part therefrom, shall be used only for the purpose of the prosecution, defense, or settlement of this lawsuit and for no other purpose.

 3. The parties agree that the documents covered under this Joint Stipulation, including the

information contained therein, and any summaries, copies or other documents derived in whole in or in part therefrom, may be disclosed and made available only to the Court, to counsel for each party to this Joint Stipulation (including and limited to paralegals, secretaries and clerical staff employed by such counsel), and to the "qualified persons" listed below:

    a. A party to the lawsuit, or an officer, director, representative, agent, employee of said party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this lawsuit.

    b. Experts or consultants retained to assist in the prosecution, defense or settlement of this lawsuit.

    c. Court reporters employed in this lawsuit.

    d. A witness at any deposition or other proceeding in this lawsuit.

    e. Any other person to whom the parties to this Joint Stipulation in writing agree.

4. Prior to receiving the documents covered by this Joint Stipulation, including the information contained therein, and any summaries, copies or other documents derived in whole in or in part therefrom, each qualified person listed above shall be provided with a copy of this Joints Stipulation and shall agree IN WRITING to be bound by its terms.

5. If the documents covered by this Joint Stipulation, including the information contained therein, and any summaries, copies or other documents derived in whole in or in part therefrom, are included in any papers filed with the Court or used in any Court proceeding in this lawsuit, such documents shall be labeled "***Confidential - Subject to Court Order***" and filed under seal until further Order of the Court. In addition, any such documents shall not lose their confidential and privileged status through such use.

6. Nothing in this Joint Stipulation nor the production of documents under its terms nor any proceeding pursuant to it shall be deemed to have the effect of an admission or waiver by any party to this Joint Stipulation or of altering the confidential or privileged nature of the documents covered by the Joint Stipulation, including the information contained therein, and any summaries, copies or other documents derived in whole in or in part therefrom, or altering any existing obligation of any party to this Joint Stipulation.

7. Nothing in this Joint Stipulation nor the production of documents under the terms of this Joint Stipulation nor any proceeding pursuant to this Joint Stipulation, shall preclude any party to this Joint Stipulation from pursuing any remedy authorized under the Federal Rules of Civil Procedure, or by law.

8. This Joint Stipulation shall survive the final termination of this lawsuit, and the Court shall retain jurisdiction to resolve any dispute concerning the disclosure and use of the documents covered under the Joint Stipulation, including the information contained therein, and any summaries, copies or other documents derived in whole in or in part therefrom.

/ / /

/ / /

/ / /

9. Upon termination of this lawsuit, counsel for Plaintiff and Defendants shall assemble and return to the Office of the Attorney General the documents covered by this Joint Stipulation, including the information contained therein, and any summaries, copies or other documents derived in whole in or in part therefrom, OR SHALL CERTIFY THE DESTRUCTION THEREOF.

By signatures of the undersigned, IT IS SO STIPULATED.

Dated: November 10, 2005	BILL LOCKYER
	Attorney General of the State of California


	/S/ - SCOTT H. WYCKOFF

	SCOTT H. WYCKOFF
	Deputy Attorney General
	Attorneys for Defendants California Department of Developmental Services


Dated: November 10, 2005	Law Office of Lawrence J. King

	/S/ - LAWRENCE J. KING

	LAWRENCE J. KING
	Attorney for Plaintiff Karuna Anand, M.D.

It is so ORDERED.

	UNITED STATES DISTRICT COURT JUDGE

Dated: November 18, 2005	/s/ Gregory G. Hollows
	United States Magistrate Judge

anand1575.ord

Joint Stipulation and Order

5